IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Bobby Birtha, #268582, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>William White, Warden, Broad River )<br>Correctional Institution; and Henry )<br>McMaster, Attorney General for )<br>South Carolina, )<br>)<br>Respondents. )<br>) | Civil Action No. 8:05-1026-TLW-BHH<br><br>**REPORT OF MAGISTRATE JUDGE** |

       The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

       Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

## FACTS PRESENTED

       The petitioner is currently an inmate at the Broad River Correctional Institution in Columbia, where he was committed pursuant to an order of the Clerk of Court for Oconee County. The petitioner was indicted during the September 1999 term of the Oconee County Court of General Sessions for trafficking cocaine. (Ex. 1 at 28-29) On July 31, 2000, represented by Julian Stoudemire, the petitioner pled guilty before the Honorable H. Dean Hall. (Ex. 1 at 3-18.) Judge Hall sentenced him to 10 years confinement. (Ex. 1 at 27.) The petitioner did not appeal either his plea or his sentence.

On May 4, 2001, the petitioner filed a post-conviction relief application in the state circuit court. (Ex. 1 at 20.) The precise grounds of his application are confusing. In the application, he alleged three grounds for relief:

"(a) ineffective assistance of counsel"

"(b) 4th Amendment violation 'due process'" and

"(c) Illegal search and seizure/involu[n]tary plea."

He then asserted, apparently by way of explanation, "that counsel was ineffective for not objecting to the illegal search and seizure, probable cause violation, and 'pretextural [sic] and racial profiling stop' of the applicant in violation of the Fourth Amendment to the U.S. Constitution." (Ex. 1 at 21-22.)

On January 29, 2003, the petitioner's case was heard by the Honorable J.C. Nicholson. The petitioner was represented by Brad Norton. The only ground the petitioner raised at the hearing was that counsel was ineffective for advising him to plead guilty before going forward with the suppression motion he had made. (Ex. 1 at 65-73.)

Judge Nicholson denied relief from the bench and filed a form order. (Ex. 1 at 74-75, 77.) The petitioner filed a motion to reconsider on February 13, 2003. In his motion, he argued that his plea was based on erroneous advice and thus involuntary; that his attorney was ineffective for failing to investigate and to argue that the search of his bag and the seizure of cocaine were illegal. (Ex. 1 at 78-87.)

Judge Nicholson filed a written order on October 3, 2003. (Ex. 1 at 90.) In the order, Judge Nicholson ruled that the petitioner's plea was voluntary.[1] (Ex. 1 at 91-92.)

The petitioner appealed. Representing him, Aileen P. Clare filed a petition for writ of certiorari in the South Carolina Supreme Court pursuant to *Johnson v. State*, 364

---

[1] There is evidently some text missing from the order. It is clear, however, that Judge Nicholson ruled that the voluntary guilty plea foreclosed antecedent claims. At the hearing, the judge ruled that the petitioner's attorney was not ineffective because his suppression motion would have failed. (Ex. 1 at 74-75.)

2

S.E.2d 201 (S.C. 1988), and moved to be relieved as counsel. (Ex. 3.) The only issue raised in the petition was whether trial counsel was "ineffective for failing to object to the solicitor's plea offer, which was conditioned on petitioner's waiver of his right to challenge the evidence on fourth-amendment grounds." The clerk of the South Carolina Supreme Court notified the petitioner of his right to file a *pro se* response to his attorney's petition (Ex. 4), and the petitioner did so. In his response, the petitioner raised three issues:

> (1)   "Did the lower Court err in failing to grant postconviction relief to Appelant [sic] due to counsel's ineffective assistance in failing to move for a suppression hearing?"
>
> (2)   "Did the lower Court err in failing to grant postconviction relief to Appellant due to counsel's ineffectiveness in failing to investigate?"
>
> (3)   "Did the lower Court err in failing to find Appellant's guilty plea involuntary?" (Ex. 5.)

The supreme court denied the petition and granted Ms. Clare's motion to withdraw in an order filed on January 7, 2005. (Ex. 6.) This petition followed on April 1, 2005.

> In his petition for a writ of habeas corpus, the petitioner alleges:
>
> (1)   Ineffective assistance of counsel because "counsel failed to seek suppression of the drugs based upon an illegal traffic stop conducted by law enforcement, counsel failed to conduct adequate research and investigations, counsel failed to articulate a valid Fourth Amendment challenge to the illegally obtained evidence";
>
> (2)   "Petitioner's guilty plea was involuntarily entered due to his counsel's failure to 'fully' advise him of the consequences of the waiver (Fourth Amendment challenge), counsel provided erroneous information regarding challenging the illegality of the search and seizure, counsel failed to inform petitioner of the specific rights he was waiving by entering a plea of guilty"; and
>
> (3)   "Evidence used to obtain petitioner's conviction resulted from an unconstitutional traffic stop by law enforcement."
>
> The respondents filed a motion for summary judgment on June 20, 2005. By

order of this court filed June 22, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th

3

Cir. 1975), the petitioner was advised of the summary dismissal procedure and the possible consequences if he failed to respond adequately. Following an extension of time by the court, the petitioner filed his response to the motion on August 22, 2005.

## APPLICABLE LAW

Title 28, United States Code, Section 2254(d) and (e), provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

When presented with an application for habeas relief, the first inquiry is to determine whether the claim raised on habeas was "adjudicated on the merits" by the state court. 28 U.S.C.A. §2254(d); *see Weeks v. Angelone*, 176 F.3d 249, 257 (4th Cir. 1999), *aff'd*, 120 S.Ct. 727 (2000). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28

U.S.C.A. §2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings," 28 U.S.C.A. §2254(d)(2); *see Williams v. Taylor*, 120 S.Ct. 1495, 1516 (2000). If, however, "a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits . . . our review of questions of law and mixed questions of law and fact is de novo." *Weeks*, 176 F.3d at 258.

With respect to claims not presented to the state court, the Fourth Circuit has offered the following guidance:

> The exhaustion requirement, though not jurisdictional, *Granberry v. Greer,* 481 U.S. 129, 131, 95 L. Ed.2d 119,107 S. Ct. 1671 (1987), is strictly enforced, *Rose [v. Lundy],* 455 U.S. [509,] 522(1982). Consequently, when a petition includes both exhausted and unexhausted claims, the district court must dismiss the entire petition. See *id.* ("We hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims."). However, the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state, *Sweezy v. Garrison,* 694 F.2d 331, 331 (4th Cir. 1982) (per curiam), cert. denied, 461 U.S. 908, 76 L. Ed. 2d 812, 103 S. Ct. 1882 (1983), or when a state procedural rule would bar consideration if the claim was later presented to the state court, *Coleman v. Thompson,* 501 U.S. 722, 735 n.1, 115 L. Ed. 2d 640, 111 S. Ct. 2546 (1991); *League v. Lane,* 489 U.S. 288, 297-98, 103 L. Ed. 2d 334, 109 S. Ct. 1060 (1989); see also *George v. Angelone,* 100 F.3d 353, 363 (4th Cir. 1996) ("A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."); *Bassette v. Thompson,* 915 F.2d 932, 937 (4th Cir. 1990) (If "it is clear that the state law would bar state review, exhaustion is not required, and federal review is precluded."), cert. denied, 499 U.S. 982, 113 L. Ed. 2d 734,111 S. Ct. 1639 (1991).

*Matthews v. Evatt,* 105 F.3d 907, 915 (4th Cir. 1997). If a petitioner before a federal district court fails to raise a claim in state court, and is precluded by state rules from returning to

5

state court to raise the issue, a federal district court is barred from considering the habeas claim unless the petitioner "'can demonstrate cause for the [procedural] default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.'" *Id.* at 916 (quoting *Coleman v. Thompson,* 501 U.S. 722, 750 (1991)).

## UNDERLYING FACTS

The petitioner was arrested on June 24, 1999 after being pulled over in a vehicle he was driving on Interstate 85 in Oconee County, South Carolina. The officer who stopped the petitioner, South Carolina Highway Patrolman J.D. Owens, asked the petitioner for his license. The petitioner went to retrieve his license from a book bag he was carrying. Officer Owens took the bag from the petitioner and told him to step out of the car. Officer Owens then placed the bag on the trunk of the car and asked the petitioner if he could retrieve the petitioner's license out of the bag. The petitioner told the officer that he could get the license. When Officer Owens opened the bag, he discovered a clear Ziploc bag containing cocaine inside a paper bag under the petitioner's license. The petitioner was arrested, along with a co-defendant, and was charged with trafficking cocaine. (App. 12-13; 80-81).[2]

The petitioner was represented at trial by Julian Stoudemire. At the PCR hearing, Mr. Stoudemire testified that on February 24, 2000, he filed a motion to suppress the evidence found during the traffic stop (App. 51). However, in April, Mr. Stoudemire viewed the Highway Patrol videotape which "basically confirmed 100 percent everything that the South Carolina ACE Team officer said." (App.52). Mr. Stoudemire testified that the petitioner admitted to the officer on the tape that the cocaine was his, and he and his co-

---

[2] Under standard Highway Patrol procedure, there was a videotape made of the traffic stop, including the discovery of the cocaine in the book bag (App. 51-53).

defendant discussed with the officer where they had gotten the cocaine and how much they paid for it (App. 53). At that point, according to Mr. Stoudemire, he realized "that this wasn't going anywhere favorably for [the petitioner]" and he began negotiating with the solicitor's office for a reduced sentence. The maximum sentence on the charge was 25 years, and the solicitor offered a ten year sentence. Mr. Stoudemire testified that he and the petitioner talked about the offer, and that his client did not want to go to jail but "he felt that it was in his best interest, that he was looking at 25 that he could get, that he better take the ten." (App. 54). Mr. Stoudemire testified that they also discussed the suppression hearing, but that if they had chosen to go forward with the suppression hearing, the plea deal would have been withdrawn (App. 55).

## ANALYSIS

### *Ground One: Ineffective Assistance of Counsel*

The petitioner claims that he received ineffective assistance of counsel in that his trial counsel did not seek to suppress the drugs found in the petitioner's book bag during a traffic stop and that counsel "failed to articulate a valid Fourth Amendment challenge to the illegally obtained evidence." (pet. at 5). Claims of ineffective assistance of counsel are governed by the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner "must show that counsel's performance was deficient." *Id.* at 687. To prove deficiency, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Second, the petitioner must show that the deficient performance actually prejudiced him. Review of counsel's performance is "highly deferential." *Id.* at 689. In addition, competency is measured against what an objectively reasonable attorney would have done under the circumstances. *See id.* at 687-88. Counsel are afforded a strong presumption that their performance was within the broad range of professionally competent assistance. *See id.* at 689.

To show prejudice in connection with a guilty plea, the petitioner must show that there is a reasonable probability that, but for the alleged ineffective assistance, the defendant would have insisted on going to trial instead of pleading guilty. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The petitioner must show that, but for the unprofessional errors, there is a reasonable probability that a reasonable defendant in the petitioner's position would have insisted on going to trial instead of pleading guilty. *See Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988).

The PCR court denied the petitioner's claim that his trial counsel was ineffective for failing to request a suppression hearing. In so ruling, the court found that the petitioner would not have "won" the suppression hearing, and therefore, even if trial counsel's performance was deficient, the petitioner could not show prejudice (App. 74-75). This court agrees with the analysis of the PCR court. As outlined above in the recitation of the facts, Mr. Stoudemire clearly believed that he probably would not win on a motion to suppress and it was more beneficial to his client to negotiate a plea rather than proceed with the suppression hearing, especially in light of the fact that the plea offer would be off the table if the suppression hearing had moved forward. Moreover, in the trial court, there was an extensive plea colloquy in which the petitioner stated that he understood the charges against him and the punishment he faced. He further testified that he knew he had the right to be free from self-incrimination, the right to a jury trial and the right to confront witnesses, but that he was giving up those rights to plead guilty. The petitioner told Judge Hall that he had no complaints with his lawyer, that he had talked with his attorney as long as he felt he needed to, and he understood what his attorney explained to him (App. 3-12). Additionally, Mr. Stoudemire stated, on the record at the plea proceeding, his understanding of the facts and the negotiations:

> MR. STOUDEMIRE: On the video tape Mr. Birtha clearly admits that the stuff was his stuff. I have been over this on a number of occasions with him about what the drugs were,

about our conspiracy law, what that is in South Carolina. I wanted to inform the court of this because [co-counsel] and I have been over this on numerous occasions. Mr. Birtha has discussed with me that [his co-defendant] would admit that it was his drugs, but under our law and our trafficking statute, I don't think it makes any difference based upon – as I understand the law - that there is conspiracy involved, and all you would have to do would be to prove that he knew what was going on, and they have a video tape that says he knew what was going on, and they have a video tape that says he knew that this was cocaine and it his and knew what it was.

Therefore, that's why we are entering a plea of guilty and asking the court to approve this particular recommendation that the solicitor's office has made. This is not something that Mr. Birtha likes. It's not something that he likes, the idea of going to jail, but he also understands where we are in this process and that this is a recommended sentence. He also understands that his guilt is there and that they have a video tape that it will take a jury less than 60 seconds to vote and find him guilty in my opinion. So it is a clear case that I think that the guilty plea is proper.

Mr. Birtha did finish high school. He has three children. He has another on the way. He is a truck driver. He has gone to truck driving school. There has never been a defendant from out of state that has been any more cooperative than Bobby Birtha with me and with being here ... for court ... He and I sat in the solicitor's office - in the investigator's office and watched the video tape together. So he's fully aware of all of this . . . .

I think it's proper to tell the court this to clarify that for the record, that the plea is proper and that all of Mr. Birtha's decisions have been freely and intelligently made, not something he likes to do, but he knows what the consequences are and what happened in this case.

Have I stated things accurately, Mr. Birtha?

MR. BIRTHA: Yes

MR. STOUDEMIRE: Okay.

> THE COURT: Mr. Birtha, anything you'd like to say?
>
> MR. BIRTHA: No, sir.

(App. 16-17).

The decision of trial counsel to forego the suppression hearing in light of the favorable plea offer was clearly a tactical decision in the best interest of his client. Because the PCR court's rejection of the ineffective assistance of counsel ground for relief did not result in an unreasonable application of *Strickland* and was not based upon an unreasonable determination of facts in light of the state court record, this ground for relief is without merit.

### *Ground Two: Voluntariness of Plea*

In his second ground for relief, the petitioner asserts that his guilty plea was involuntarily entered "due to his counsel's failure to 'fully' advise him of the consequences of the waiver (Fourth Amendment challenge) . . . ."

The petitioner was represented by counsel at the plea proceeding, As outlined above, a defendant who enters a plea on the advice of counsel may attack only the voluntary and intelligent character of a plea by showing that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty but would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985). The petitioner here has made no such showing.

A guilty plea must be knowingly and voluntarily entered in order to be valid. The United States Supreme Court has held that a knowing and voluntary relinquishment of constitutional rights such as the privilege against self-incrimination, the right to a jury trial and the right to confront one's accusers, cannot be presumed from a silent record. *Boykin v. Alabama*, 395 U.S. 238, 243 (1969). However, "[a] catechism of the constitutional rights

that are waived by the entry of a guilty plea is not compelled by ... the Constitution ...." *Wade v. Coiner*, 468 F.2d 1059, 1061 (4th Cir. 1972).

The petitioner here contends that he would not have pleaded guilty "but for the unprofessional assistance provided by counsel." (pet. resp. to m.s.j. 4).  However, he has made no showing that the performance of his trial counsel was so deficient as to render his guilty plea invalid.  The plea colloquy referenced above clearly shows that the petitioner knew what he was doing when he pleaded guilty and he freely and voluntarily chose to do so.  His trial counsel provided a lengthy explanation to the court as to the decision to plead guilty, and, when given the chance to refute this explanation, the petitioner did not do so.  In fact, he indicated to the court that he was satisfied with the services of his attorney, that he had ample time to discuss the case with his attorney, and that there was nothing more he needed to discuss.  Accordingly, this claim is without merit.

***Claim Three: Search and Seizure Issue***

Finally, the petitioner alleges that his conviction was "obtained by use of evidence gained pursuant [to] an unconstitutional search and seizure."  Specifically, he alleges that the evidence (*i.e.,* cocaine) used to obtain his conviction "resulted from an unconstitutional traffic stop by law enforcement."  (pet. 6).

Substantive fourth amendment claims are generally not cognizable in a federal habeas case.  A state prisoner may not obtain federal habeas relief on fourth amendment grounds if the State has provided him an opportunity for the full and fair litigation of the fourth amendment claims.  *Stone v.* Powell, 428 U.S. 465 (1976); *Dolman v. Muncy*, 579 F.2d 1258 (4th Cir. 1978).  In this case, as discussed above, the petitioner had the opportunity for a full and fair litigation of the fourth amendment claim.  In fact, the petitioner's trial counsel filed a motion to suppress the evidence in question. However, prior to the suppression hearing, the petitioner and his counsel made the tactical decision to forego the hearing and plead guilty in exchange for a recommendation of a reduced

sentence. There is extensive discussion in both the plea proceeding and the PCR proceeding as to how this decision was made. At the plea proceeding, after listening both to the recitation of facts, and to his attorney's explanation of the decision to plead guilty, the petitioner did not indicate that he objected to the decision or that he was not making the decision freely and voluntarily. Under these circumstances, the petitioner cannot obtain federal habeas relief on fourth amendment grounds.

## **CONCLUSION AND RECOMMENDATION**

The court concludes that the petitioner is not entitled to habeas relief because the decisions of the South Carolina state courts were neither contrary to nor an unreasonable application of clearly-established federal law, as determined by the United States Supreme Court, nor based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Wherefore, it is recommended that the respondents' motion for summary judgment be granted.

IT IS SO RECOMMENDED.

s/ Bruce H. Hendricks
United States Magistrate Judge

January 31, 2006
Greenville, South Carolina